# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA SHABAZZ, ) | 1:11-cv-01348 MJS HC |
| Petitioner, ) | ORDER SUMMARILY DISMISSING PETITIONER'S FIRST, FOURTH AND FIFTH CLAIMS PRESENTED IN THE PETITION FOR WRIT OF HABEAS CORPUS |
| v. ) | |
| JAMES D. HARTLEY, Warden, ) | |
| Respondent. ) | ORDER TO SHOW CAUSE WHY PETITIONER'S SECOND AND THIRD CLAIMS SHOULD NOT BE DISMISSED AS UNTIMELY (Thirty-day deadline) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the United States Magistrate Judge. 28 U.S.C. § 636(c)(1); Local Rule 305(b).

**I.    DISCUSSION**

   **A.    Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260

F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

**B.     Factual Summary**

On August 15, 2011, Petitioner filed the instant petition for writ of habeas corpus. (Pet., ECF No. 1.) The California Board of Parole Hearings ("Board") gave Petitioner a ten year parole denial on June 23, 2009. Petitioner presents the following five claims in the present petition:

1.) Petitioner asserts that the Board "changed his sentence" to one of life without parole by refusing to set a parole date;

2.) The Board lacks jurisdiction to review Petitioner's case based on a defective jury verdict form at trial;

3.) The trial court lacked jurisdiction to convict Petitioner based on the defective jury form;

4.) The application of Proposition 9, approved by California voters in 2008, amending California Penal Code § 3041.5 violated the ex post facto clause of the United States Constitution; and

5.) That Petitioner's new sentence, based on his parole denial, is not authorized for a conviction of second degree murder.

The Court shall review Petitioner's claims in turn.

**C.     Claim One: Federal Review of State Parole Decisions**

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in

custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); Wilson v. Corcoran, 131 S.Ct. 13, 16, 178 L. Ed. 2d 276 (2010) (per curiam).

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 131 S.Ct. 859, 861-62, 178 L. Ed. 2d 732 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979).[1] Swarthout, 131 S.Ct. at 862. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 131 S.Ct. at 862. The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings and to contest the evidence

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16. In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. Id. at 15.

> against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied....
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the Federal Due Process Clause. Id. at 862-63. This is true even though Petitioner is challenging the Governor's reversals, and not a decision by the Board. Swarthout, 131 S. Ct. at 860-61; Styre v. Adams, 645 F.3d 1106, 1108 (9th Cir. 2011) ("[w]e now hold that the Due Process Clause does not require that the Governor hold a second suitability hearing before reversing a parole decision.").

Here, Petitioner argues that the Board improperly relied on evidence relating to Petitioner's past criminal history. (Pet. at 4.) In so arguing, Petitioner asks this Court to engage in the very type of analysis foreclosed by Swarthout. He does not, however, state facts that point to a real possibility of constitutional error or that otherwise would entitle him to habeas relief because California's "some evidence" requirement is not a substantive federal requirement. Review of the record for "some evidence" to support the denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254. The Court concludes that Petitioner's claim concerning the evidence supporting the unsuitability finding should be dismissed.

Although Petitioner asserts that his right to due process of law was violated by the Board's decision, Petitioner does not set forth any specific facts concerning his attendance at the parole hearing, his opportunity to be heard, or his receipt of a statement of reasons for the parole decision. Petitioner has not alleged facts pointing to a real possibility of a violation of the minimal requirements of due process set forth in Greenholtz, 442 U.S. 1.

Finally, Petitioner asserts that the parole denial changed his sentence to life without parole. This argument is inherently flawed. Petitioner was sentenced to an indeterminate term. That subjected him to the authority of the Board of Parole Hearings to determine if he was eligible for parole. Petitioner received a ten year parole denial, which entitles Petitioner to

1  another parole hearing then. As Petitioner shall be eligible for further parole hearings,
2  Petitioner's sentence has not been transmuted from life with the possibility of parole to one
3  without the possibility of parole. Accordingly, Petitioner's contention is without merit.

4       A petition for habeas corpus should not be dismissed without leave to amend unless
5  it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis, 440
6  F.2d at 14. Here, the Court concludes that it would be futile to grant Petitioner leave to amend
7  his first claim and orders the claim to be dismissed.

8       **D.**    **Claim Two: The Parole Board Lacked Jurisdiction**

9       Petitioner's second claim is that the Board lacked jurisdiction to review his case as the
10  convicting court lacked jurisdiction to convict him in the first place based on a defective jury
11  verdict form. In essence, Petitioner is presenting a claim regarding his underlying conviction,
12  not his parole suitability hearing. To the extent that Petitioner contends that a violation
13  occurred with regard to his underlying conviction on March 24, 1996 (Pet. at 1), his claim is
14  time-barred.

15       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act
16  of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for
17  writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117
18  S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc),
19  *cert. denied,* 118 S.Ct. 586 (1997).

20       In this case, the petition was filed on August 15, 2011, and therefore, it is subject to the
21  provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners
22  seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As
23  amended, § 2244, subdivision (d) reads:

24      (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
25  The limitation period shall run from the latest of –

26      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

27

28      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

  removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

  Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. According to Petitioner, the California Supreme Court denied review in 1997. The state appeal process would became final ninety days later, when the time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme Court rule 13; <u>Bowen v. Rowe</u>, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, in this case, at no point later than some time in 1998. <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001).

  Petitioner would have one year, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.  However, Petitioner delayed in filing the instant petition until August 15, 2011, over a decade after the statute of limitations period expired.  Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations. Petitioner has made no showing that the statute of limitations should commence at a later date under § 2244(d)(1)(B)-(D). Accordingly, Petitioner may only rely on tolling to attempt to show that the petition is not barred by the statute of limitations.

   1. <u>Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)</u>

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim

is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Petitioner states in his petition that he filed habeas petitions in the state courts during the period from 1997 to 2001.  He has not provided copies of those filings with the Court. In reviewing cases filed with the California Supreme Court, the Court notes that many of Petitioner's California Supreme Court filings were considered untimely under In re Robbins, 18 Cal.4th 770, 77 Cal. Rptr. 2d 153, 959 P.2d 311 (1998), and  In re Clark, 5 Cal. 4th 750, 765, n. 5, 21 Cal. Rptr. 2d 509, 855 P.2d 729 (1993). However, the Court shall provide Petitioner an opportunity to respond and submit copies of his state habeas corpus petitions and the relevant decisions on them in an attempt to show that the present claim was timely filed.

### E.   Claim Three: Defective Jury Verdict Form

Petitioner's third claim appears to be untimely for the same reasons set forth with regard to Petitioner's second claim. Accordingly, Petitioner shall be ordered to show cause why the claim should not be dismissed as untimely.

### F.   Claim Four: Application of Proposition 9 is an Ex Post Facto Violation

Petitioner fourth claim presents an alleged violation of the ex post facto clause, based on Proposition 9, which was  approved by California voters in 2008, and amended California

Penal Code § 3041.5[2] to defer subsequent parole consideration hearings for longer periods of time. Id. Proposition 9, also known as Marsy's Law, potentially is a retroactive application of a parole statute in violation of the ex post facto clause because the application of that statute results in an increased parole deferral period and a longer term of incarceration. See Gilman v. Schwarzenegger, No. 10-15471, 2010 U.S. App. LEXIS 26975 at *4-8, 2010 WL 4925439 (9th Cir. Dec. 6, 2010) (describing the changes to extend the deferral period for subsequent parole hearings from a range of one to five years to a range of three to fifteen years). Based on the potential increased length of parole deferral periods "changes required by Proposition 9 appear to create a significant risk of prolonging [prisoners'] incarceration." Id. at *17 (citation omitted). Despite such appearance, the Ninth Circuit reversed the grant of a preliminary injunction to a class of plaintiffs based on a failure to show a likelihood of success on the merits of such a challenge. Id. at *25. The decision was based on the presumption that Marcy's Law allows for, and that the Board will schedule, advance parole hearings that theoretically could be provided before the three year minimum deferral period. Id. at *17-25. However, the underlying litigation is still pending. See Gilman v. Brown, CIV-S-05-0830 LKK GGH, 2008 U.S. Dist. LEXIS 17949.[3]

      Petitioner's claim raises conceptual problems insofar as a 42 U.S.C. § 1983 action is pending with respect to the validity of the Marsy's Law provision at issue. As described above, Gilman v. Brown has been certified as a class action. The parameters of the Gilman class, as is made clear in the order certifying the class, likely include Petitioner. (Order, filed on March 4, 2009, in Gilman v. Brown, CIV-S-05-0830)[4] The Gilman class consists of: California state prisoners who: "(i) have been sentenced to a term that includes life; (ii) are serving sentences

---

[2] This statute governs parole hearings, rights of prisoners, written statements by the parole board, rehearings and requests to advance parole hearings. Id. There is no mention of good-time or work-time credits in California Penal Code § 3041.5.

[3] A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). Accordingly, the Court takes judicial notice of the Gilman v. Brown matter.

[4] See Docket # 182 of Case No. 05-CV-0830.

1  that include the possibility of parole; (iii) are eligible for parole; and (iv) have been denied
2  parole on one or more occasions." 2009 U.S. Dist. LEXIS 21614 at *11.[5] Petitioner is serving
3  a life term with the possibility of parole and is challenging a parole suitability hearing.

4       A 42 U.S.C. § 1983 action, such as that in Gilman, is the appropriate vehicle for
5  challenging the constitutionality of Marsy's Law as Petitioner seeks to do here.  The Supreme
6  Court has found that where prisoners seek the invalidation of state procedures used to deny
7  parole suitability or eligibility, but did not seek an injunction ordering their immediate release
8  from prison, their claims were cognizable under 42 U.S.C. § 1983. Wilkinson v. Dotson, 544
9  U.S. 74, 82, 125 S. Ct. 1242, 1248, 161 L. Ed. 2d 253 (2005). Furthermore, a plaintiff who is
10 a member of a class action for equitable relief from prison conditions may not maintain a
11 separate, individual suit for equitable relief involving the same subject matter of the class
12 action. See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir.1979); see also McNeil v. Guthrie,
13 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from
14 alleged unconstitutional prison conditions cannot be brought where there is an existing class
15 action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988) (en banc) ("To allow
16 individual suits would interfere with the orderly administration of the class action and risk
17 inconsistent adjudications."). If Petitioner seeks relief speedier than that being adjudicated for
18 the other class members, he can raise that issue by requesting to opt out of the class action.
19 McReynolds v. Richards-Cantave, 588 F.3d 790, 800 (2nd Cir. 2009).

20      Accordingly, Petitioner's claim with respect to Marsy's Law is dismissed without
21 prejudice to its resolution in the Gilman class action.

22      **G.    Claim Five: Inappropriate Punishment**

23      Petitioner asserts in his fifth claim that the Parole Board, by denying him parole, has
24 impermissibly changed his sentence from fifteen years to life to life without the possibility of
25 parole. Further, Petitioner asserts that a sentence of life without the possibility of parole is not

---

[5] As noted in the October 18, 2010, Order, at p. 3, the Ninth Circuit affirmed the Order, certifying the class. See Docket # 258 in Case No. 05-CV-0830.

1  an appropriate punishment for second degree murder.

2  Petitioner already presented this same argument in his first claim, and it is again denied
3  for the same reasons set forth above. Petitioner's sentence has not changed, and despite his
4  assertions otherwise, Petitioner is still eligible for parole. The Court therefore concludes that
5  it would be futile to grant Petitioner leave to amend his fifth claim and recommends that the
6  claim be dismissed.

## ORDER

8  Accordingly, IT IS HEREBY ORDERED:

9  1) That Petitioner's FIRST, FOURTH, and FIFTH claims contained in his petition for writ
10  of habeas corpus is DISMISSED with prejudice; and

11  2) The Court ORDERS Petitioner to show cause within **thirty (30) days** why the
12  SECOND and THIRD claims should not be dismissed as untimely. Petitioner shall attach
13  copies of all relevant state post-conviction appeals which Petitioner may rely on for tolling.

18  IT IS SO ORDERED.

19  Dated:   December 1, 2011            /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE