UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA SHABAZZ, | 1:11-cv-01348 MJS HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | (Doc. 1) |
| JAMES D. HARTLEY, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

**I.     DISCUSSION**

    **A.     Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260

F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**B.     Factual Summary**

On August 15, 2011, Petitioner filed the instant petition for writ of habeas corpus. (Pet., ECF No. 1.) Petitioner was given a ten year parole denial by the California Board of Parole Hearings ("Board") on June 23, 2009. Petitioner presented five claims in the present petition, listed as follows:

1.) Petitioner asserts that the Board "changed his sentence" to one of life without parole by refusing to set a parole date;

2.) The Board lacks jurisdiction to review Petitioner's case based on a defective jury verdict form at trial;

3.) The trial court lacked jurisdiction to convict Petitioner based on the defective jury form;

4.) The application of Proposition 9, approved by California voters in 2008, amending California Penal Code § 3041.5 violated the ex post facto clause of the United States Constitution; and

5.) That Petitioner's new sentence, based on his parole denial, is not authorized for a conviction of second degree murder.

**C.     Procedural History**

The Court reviewed the petition, and on December 2, 2011, issued an order dismissing Petitioner's first, fourth and fifth claims for relief. (Order, ECF No. 6.) The Court denied Petitioner's first and fifth claims as it determined that the claims required the Court review substantive decisions of the Board in contravention of recent Supreme Court authority explicitly explaining how such review was impermissible. See Swarthout v. Cooke, 131 S.Ct. 859, 861-62, 178 L. Ed. 2d 732 (2011). Further, the Court dismissed without prejudice

Petitioner's fourth claim, an ex post facto challenge to Proposition 9 (also know as Marsy's Law) in light of a pending class action addressing the same issue. See Gilman v. Brown, CIV-S-05-0830 LKK GGH, 2008 U.S. Dist. LEXIS 17949.

Finally, as Petitioner's second and third claim challenged a defective verdict form and therefore challenged Petitioner's conviction, the Court found the claims untimely. Petitioner was convicted on March 24, 1996, and the present petition was filed over a decade after the expiration of the statute of limitations. In an abundance of caution the Court ordered Petitioner to show cause to determine if any applicable tolling would save the petition from being untimely. (Order.)

### D. Response to Order to Show Cause

Petitioner filed a response to the order to show cause on December 27, 2011. (Resp., ECF No. 7.) In the response, Petitioner argues that in light of the defective jury form, the court was without jurisdiction to sentence him, and the error can be corrected at any time. Petitioner cites to California law for this proposition. See In re Hoddinott, 12 Cal. 4th 992 (1996).

Petitioner's assertion, even if true under California law, does not affect the application of determining the statute of limitations under federal law. Petitioner also asserts that the verdict form tainted his entire trial and was therefore unauthorized as the fruit of the poisonous tree. Petitioner's second argument is also misguided. The fruit of the poisonous tree doctrine states that improperly obtained evidence must be excluded. It does not apply to sentencing errors or statue of limitations calculations under AEDPA. (Resp. at 2-3.)

Petitioner explains in his response that he does not have all of his state habeas filings, but claims that his petition is timely as the last opinion from the California Supreme Court is a silent denial, and does not cite any cases which stand for the proposition that the petition was untimely. Petitioner's federal habeas petition was filed over decade after the expiration of the statute of limitations. The Court provided Petitioner an opportunity to show that tolling, though highly unlikely, might apply. The fact that a habeas petition was filed with the California Supreme Court in the last year is insufficient to show tolling. The petition can be, and in this case is, untimely, despite the fact that California Supreme Court did not specifically explain

that the petition was untimely.

Petitioner has not presented sufficient evidence in his response to show that the petition should be considered timely filed. The Court finds Petitioner's second and third claims are untimely, and shall be dismissed. The court has previously dismissed Petitioner's remaining claims. Accordingly, the Court shall dismiss the entire petition.

### E.    Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

>    (a) In a habeas corpus proceeding or a proceeding under section 2255 before a  district judge, the final order shall be subject to review, on appeal, by the court  of appeals for the circuit in which the proceeding is held.
>
>    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
>    (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>        (B) the final order in a proceeding under section 2255.
>
>        (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>        (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel,

529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find debatable or wrong the Court's determination that Petitioner is not entitled to federal habeas corpus relief, nor would they find him deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**II.    ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED;

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:     January 21, 2012            /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE